■ In the Matter of ALLEN SMITH, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [824 NYS2d 498]—

Appeal from a judgment of the Supreme Court (Rumsey, J.), entered June 12, 2006 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

Petitioner pleaded guilty to criminal sale of a controlled substance in the fifth degree and was sentenced to 2½ to 5 years in prison. He made his first appearance before respondent for parole release in January 2005. His request was denied and he was ordered held for an additional 24 months. After the denial was affirmed on administrative appeal, petitioner made an application for reconsideration. When he did not receive a response, he commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

Petitioner's primary contention is that respondent relied upon erroneous information in denying his parole, specifically that he had four felony convictions when, in fact, he only had three. Respondent concedes this error noting that one of the two attempted rape convictions, both of which were counted as felonies, was actually a resentencing. Although petitioner failed to specifically raise this issue in his administrative appeal, he was represented by assigned counsel at the time and claims that he was deprived of the effective assistance of counsel due to this error. Notably, petitioner attempted to raise the issue in his application for reconsideration, which was essentially a request for a rehearing, but he apparently never received a response.

Because respondent relied upon erroneous information in denying parole release, this Court must annul respondent's determination and remit for a new hearing (*see Matter of Plevy v Travis*, 17 AD3d 879, 880 [2005]). Consequently, the judgment must be reversed and a new hearing conducted.

Crew III, J.P., Peters, Spain, Rose and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination annulled and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.